FILED
MARCH 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LORETTA CAPEHEART,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**NORTHEASTERN ILLINOIS UNIVERSITY,** a public institution, and **MELVIN C. TERRELL,** individually,<br><br>　　　　Defendants. | No.<br><br>**08 C 1423**<br><br>**JUDGE MANNING**<br>**MAGISTRATE JUDGE SCHENKIER** |

# COMPLAINT

**NOW COMES** Plaintiff Loretta Capeheart ("Capeheart"), by her attorneys, Thomas D. Rosenwein, Don E. Glickman and James A. Flesch of Gordon, Glickman, Flesch & Rosenwein, for her Complaint against Northeastern Illinois University ("NEIU") and Melvin C. Terrell ("Terrell"), and states as follows.

## NATURE OF CASE

This is an action seeking: (1) injunctive relief only against NEIU for the infringement of Capeheart's right of free speech and for the retaliation suffered by her for the exercise of that right; and (2) for monetary damages against Terrell for those same wrongs, as well as damages for defamation.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343(a)(3), with supplemental jurisdiction conferred under 28 U.S.C. §1367(a) for Capeheart's state claims.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b) as NEIU has its principal place of business in this judicial district, Terrell resides in this judicial district, both defendants transact business on a regular basis in the Northern District of Illinois and a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## PARTIES

3. Capeheart is a tenured associate professor in the Department of Justice Studies at NEIU. She was notified of her award of tenure on April 7, 2006, effective September 1, 2006. Capeheart has been employed at NEIU since September 2002.

4. Capeheart holds a Ph.D. in sociology with special attention to inequalities and social change. Her current research includes the impact of social inequality on the incarceration of Latinos and the development of pseudo family groups in women's prisons. She served on Senator Miguel Del Valle's Latino Education Committee where she is analyzing the adequacy of programs serving Latino and English as Second Language ("ESL") students in Illinois' Second Legislative District.

5. Capeheart is the author of numerous articles and a co-author of the Treatise *Social Justice, Theories, Issues, and Movements*. Capeheart has been a presenter at numerous national conventions and conferences, as well as at regional and local meetings and roundtable discussions.

6. NEIU is an institution of higher learning, with its principal campus located at 5500 North St. Louis Avenue, Chicago, Illinois. NEIU offers more than 70 undergraduate and graduate programs in the arts, sciences, education and business. It is attended by approximately 12,000 students in the Chicago area.

7.      Terrell is the Vice President of Student Affairs at NEIU.  Various offices of the University report to Terrell, including health services, public safety and the dean of students.  Terrell is one of four principal discussion-makers at NEIU, the others being the President, the Provost, and the Vice President for Finance and Administration.

**EVENTS COMMON TO ALL COUNTS**

8.      Capeheart is a scholar, teacher and activist.  She has been active in promoting minority rights, particularly Latinos, and in opposing the war in Iraq, including being a faculty advisor to a University club that leaflets the military and CIA recruiters when on campus for open job fairs.  NEIU and Terrell have been unhappy with these activities of Capeheart's.

9.      In September, 2006, NEIU hosted the Illinois Legislative Latino Caucus hearing on its campus.  Capeheart was a speaker and participant in that conference.  At the conference, issues regarding Latino faculty members and students in Universities, including NEIU, were discussed by Capeheart.  She was critical of NEIU's efforts in recruiting and retaining Latino faculty members and students.

10.     Present at the conference was, among others, NEIU's Provost who disagreed with Capeheart with regard to NEIU's efforts and allocation of resources for the purpose of attracting and retaining Latino faculty and students.  Although the concerns that Capeheart raised in this public forum were supported by others, the Provost personalized the differences and expressed displeasure with Capeheart's criticisms of NEIU.

11.     Similarly, NEIU has been critical of Capeheart's anti-war views, particularly with regard to her advising the student club that has taken a role in leafleting military and CIA recruiters at open job fairs on NEIU's campus.

12. On February 28, 2007, two members of the club that Capeheart advises were arrested for attempting to attend a meeting provided to the CIA for recruitment of employees hosted by NEIU.

13. These arrests became the subject of campus and community interest. On March 12, 2007, a meeting of the NEIU Faculty Council for Student Affairs was held on NEIU's main campus. Capeheart attended as an elected member of that group. At the meeting, Capeheart asked several questions of Terrell relating to the arrest of the two students at the CIA events, as Terrell has supervisory responsibility for the campus police employed by NEIU as its public safety department. Capeheart was critical of the use of campus police to arrest students engaged in a peaceful protest. Present at this meeting were several faculty and administration members.

14. At the March 12, 2007 meeting of the Faculty Council on Student Affairs, Capeheart complained that the arrests were part of a pattern of harassment against students who were anti-war but otherwise expressing their views by means of peaceful protest.

15. Terrell stated that any problems on the campus were not the result of the administration, but of Capeheart and the students she was advising.

16. Terrell then stated that Capeheart was a subject of interest for the police, stating that a student had filed "stalking" charges against Capeheart with the campus police.

17. In fact, no "stalking" charges had been filed against Capeheart, and she has never been accused of "stalking" any person.

18. In addition, Terrell and other members of the administration said that Capeheart was responsible for the actions of the students who were arrested on February 28, 2007, even

though Capeheart was not present and the attempt by two students to attend the February 28, 2007 job fair event was not an organized activity of the club that she sponsored.

19. Subsequent to these events, in mid-July 2007, Capeheart was elected by her department to be chair. However, the Provost refused to appoint Capeheart as chair in retaliation for her exercise of free speech and as a result of the false allegations of "stalking" made by Terrell. Instead, the NEIU administration placed the Justice Studies Department "in receivership" and instituted a search for an outside chair. When the department recommended that Capeheart lead the search committee, the administration refused to appoint her to do so. The administration also refused to appoint Capeheart as department coordinator, although the department had determined that Capeheart should be offered that post and the NEIU Faculty Senate supported such an appointment.

20. Being a chair results in a substantial course reduction, significant increase in salary as well as provision of a separate monthly stipend in the amount of approximately $5,000 annually. Being a department coordinator affords the faculty member a course reduction, overload pay, stipend and/or other benefits.

21. In retaliation for her exercise of her free speech rights, and as a result of Terrell's false accusations, Capeheart was denied a faculty excellence award for the year 2007, despite her scholarship teaching in service equal or exceeding those who were provided with the faculty excellence award. That award carries a stipend of at least $1,000.

## COUNT I
## INJUNCTIVE RELIEF AGAINST NEIU

22. Capeheart restates and realleges paragraphs 1-21 as paragraph 22 of this Count I hereof as if fully stated herein.

23.     Capeheart has no adequate remedy at law to prevent the ongoing violation of her rights to free speech as presently imposed by agents of NEIU.

24.     Unless enjoined, NEIU will continue to engage, promote, sanction and/or acquiesce in the violation of Capeheart's rights to free speech in retaliation for her exercise thereof.

**WHEREFORE,** plaintiff Loretta Capeheart prays that this Honorable Court grant the following relief:

A.      Preliminarily and permanently enjoining NEIU's agents from silencing or attempting to silence Capeheart's expression of views regarding matters of public concern, including University hiring practices and limitations on students expressions of concern;

B.      Preliminarily and permanently enjoining NEIU and its agents from retaliating in any manner against Capeheart for her expression of use regarding NEIU's treatment and attitude towards students who peacefully protest NEIU policies, including its invitations to military and intelligence recruiters for open job fairs;

C.      Requiring NEIU to appoint Capeheart as chair of the Justice Studies Department; and

D.      Grant such further relief as this Court deems just and proper.

## COUNT II
### DEFAMATION PER SE AGAINST TERRELL

25.     Capeheart restates and realleges paragraphs 1-21 as paragraph 25 of this Count II hereof as if fully stated herein.

26.     Terrell made a false statement of fact when he stated to the faculty counsel for student affairs meeting that a student had formally charged Capeheart with "stalking."

27. Terrell's statement was defamatory in that it accused Capeheart of being charged with commission of a criminal offense. Further, because that charge constitutes a criminal offense against a student, such statement attributed to Capeheart a lack of integrity in the discharge of her duties as a professor. This statement was made in the presence of a number of faculty and administration.

28. Terrell made the statement with malice, *i.e.* knowing that the statement was false or with a reckless disregard of whether it was false.

29. As a direct result of Terrell's actions, Capeheart suffered exposure to public hatred, contempt, ridicule and injury to reputation.

**WHEREFORE,** plaintiff Loretta Capeheart prays that his Honorable Court grant the following relief:

A. Entry of judgment in favor of Capeheart in an amount to be determined at trial to compensate her for her injuries, but not less than $500,000;

B. Order Terrell to pay Capeheart's attorneys' fees, costs and expenses; and

C. Grant such further relief as this Court deems just and proper.

## COUNT III
### DEFAMATION PER QUODE AGAINST TERRELL

30. Capeheart restates and realleges paragraphs 1-4, 26-29 as paragraph 30 of this Count III hereof as if fully stated herein.

31. As a direct result of Terrell's defamatory statement, Capeheart was denied chairmanship of her department, appointment as department coordinator and the faculty excellence award for 2007.

32. Damages suffered as a result of the loss of the chairmanship, department coordinator and excellence award are at least $30,000.

33.     In addition, as Terrell's statements were made with malice, Capeheart is entitled to recover punitive damages.

**WHEREFORE,** plaintiff Loretta Capeheart prays that this Honorable Court grant the following relief:

A.      Enter judgment in favor of Capeheart in an amount to be determined at trial to compensate her for her injuries resulting from Terrell's actions, but not less than $30,000;

B.      Enter judgment in favor of Capeheart in an amount to be determined at trial for punitive damages as a result of Terrell's malicious statements, but not less than $100,000;

C.      Order Terrell to pay Capeheart's attorneys' fees, costs and expenses; and

D.      Grant such further relief as this Court deems just and proper.

## COUNT IV
### FREE SPEECH RETALIATION AGAINST NEIU AND TERRELL

34.     Capeheart restates and realleges paragraphs 1-21 as paragraph 34 of this Count IV hereof as if fully stated herein.

35.     Article I, §4 of the Constitution of the State of Illinois is entitled "Freedom of Speech," and provides, in pertinent part:

> All persons may speak, write and publish freely, being responsible for the abuse of that liberty.

36.     In retaliation for Capeheart's exercise of free speech pursuant to Article I, §4 of the Constitution of the State of Illinois, NEIU and Terrell have rejected her election as chair of the department, failed to providing her with a faculty excellence award and refused to appoint her as department coordinator.

37.     Unless enjoined, NEIU and Terrell will continue to violate Capeheart's free speech rights and retaliate against her for the exercise thereof.

38. As a result of NEIU's and Terrell's violation of Capeheart's rights and retaliation to date, Capeheart has suffered economic and personal damages, including injury to reputation.

**WHEREFORE,** plaintiff Loretta Capeheart prays that this Honorable Court grant the following relief:

A. Preliminarily and permanently enjoining NEIU, Terrell and their agents and all others in active concert or participation with them from silencing or attempting to silence Capeheart's expression or views regarding matters of public concern, including hiring and retention of minority faculty, use of campus facilities for military and CIA recruitment and protests against suppression of student free speech;

B. Preliminarily and permanently enjoining NEIU, Terrell and their agents and all other sin active concert of participation with them from retaliating against Capeheart based on her expressions of viewpoint on matters of public concern, including retaliation in the form of denying her earned benefits such as appointment as department chair.

C. Entry of judgment in favor of Capeheart against Terrell in an amount to be determined at trial to compensate for Terrell's retaliation against her for the exercise of her free speech rights, in an amount not less than $500,000;

D. Order Terrell to pay Capeheart's attorneys' fees, costs and expenses; and

E. Grant such other further relief as this Court deems just and proper.

**Plaintiff demands trial by jury for all claims seeking relief other than injunctive relief.**

**LORETTA CAPEHEART**

Dated: <u>March 10, 2008</u>　　　　　　　　By: <u> /s/ Thomas D. Rosenwein　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　One of Her Attorneys

Thomas D. Rosenwein (#02391597)
Don E. Glickman (#00972525)
James A. Flesch (#03127112)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL  60603
(312) 346-1080