**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LORETTA CAPEHEART,**<br><br>             Plaintiff,<br><br>      v.<br><br>**NORTHEASTERN ILLINOIS UNIVERSITY,** a public institution, and **MELVIN C. TERRELL,** Individually,<br><br>             Defendants. | No.  08 C 1423<br><br>The Honorable Blanche M. Manning<br><br>Magistrate Judge Sidney I. Schenkier |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Loretta Capeheart ("Capeheart"), by her attorneys, Thomas D. Rosenwein of Gordon, Glickman, Flesch & Rosenwein, for her Memorandum of Law in Opposition to Defendants' Motion to Dismiss filed by Northeastern Illinois University ("NEIU") and Melvin C. Terrell ("Terrell"), states as follows.

### I. ELEVENTH AMENDMENT IS NOT APPLICABLE TO A CLAIM OF FREE SPEECH RETALIATION

Defendants initially contend that Count I must be dismissed pursuant to the Eleventh Amendment. Defendants rely principally upon Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). In essence, defendants assert that Pennhurst provides NEIU with immunity from all suits. However, defendants have failed to cite the applicable case law which uniformly permits lawsuits against state institutions, including colleges and universities, and defendants ignore the subsequent history of the Supreme Court whose post-Pennhurst decision clearly permits Count I to proceed.

The seminal case in this area is <u>Pickering v. Bd. of Education</u>, 391 U.S. 563 (1968), which permitted an individual to sue an educational institution for retaliation for exercising First Amendment rights, as long as such speech was constitutionally protected under the circumstances and defendant retaliated because of that speech. For public employees, such as plaintiff here, the Supreme Court has stated that the state "cannot condition public employee on a basis that infringes the employee's constitutionally protected interest in freedom of expression." <u>Connick v. Myers</u>, 461 U.S. 138 (1983). This principle was most recently restated by the Supreme Court in <u>City of San Diego v. Roe</u>, 543 U.S. 77 (2004) (government employees do not lose the right to comment as citizens on matters of public concern as an incidence of their employment). Of course, the Seventh Circuit is in accord. *See, e.g.*, <u>Carreon v. Illinois Dept. of Human Services</u>, 395 F.3d 786 (7th Cir. 2005) ("governmental employee may establish a *prima facie* case of First Amendment retaliation by showing that the speech in question: (i) is constitutionally protected; and (ii) 'played a substantial or motivating factor' in the employer's decision to retaliate against the plaintiff.")

Clearly, the Eleventh Amendment does not bar such suits. As the Seventh Circuit held in <u>Power v. Summers</u>, 226 F.3d 815, 819 (7th Cir. 2000), "official-capacity suits against state officials that seek only injunctive relief are permitted by 42 U.S.C. §1983 [citation omitted], and are not forbidden by the Eleventh Amendment [citation omitted]. In its simplest form such relief would be an injunction forbidding retaliation." Indeed, as stated in <u>Power v. Summers</u>, if plaintiff succeeds in proving retaliation, she "can obtain injunctive relief against the university" because of the exception for suits seeking injunctive relief only. (*Id.*). Such result follows, of course, from the Supreme Court's decision in <u>Ex parte Young</u>, 209 U.S. 123 (1908), holding that the Eleventh Amendment generally will not operate to bar suits so long as they seek only

declaratory and injunctive relief rather than monetary damages for alleged violations of federal law. Indeed, the Supreme Court has recently reiterated that "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Verizon Maryland v. Public Service Commission of Maryland, 535 U.S. 635, 645 (2002).

Accordingly, there is no basis for defendants' Eleventh Amendment contention. Defendants fail to cite Power v. Summers, *supra*, even though it is the leading decision is this circuit involving a suit by a university professor, or to the recent Supreme Court Verizon Maryland decision. At best, the issue is one of misnomer that is cured by changing the caption, *i.e.*, adding the phase "the board of trustees of NEIU" as the identification of the institutional party. To the extent such change is necessary, plaintiff hereby requests leave to amend the complaint to so state.

## II.   PLAINTIFF'S STATE LAW CLAIMS AGAINST NEIU AND TERRELL ARE PROPER

Defendants further contend that the state claims against NEIU and Terrell, to the extent brought against Terrell in his official capacity, should be dismissed on the basis of the Eleventh Amendment. However, as demonstrated above, claims for equitable relief are not so barred. Power v. Summers, *supra*; Verizon Maryland, *supra*.

Moreover, defendants presume that Terrell is sued in his "official" capacity. (Def. Memo. at 6, fn. 1). However, the caption of the complaint clearly identifies Terrell as being sued "individually," not in any official capacity. Accordingly, claims for monetary relief against Terrell individually are not barred by the Eleventh Amendment.

3

### III.  STATE SOVEREIGN IMMUNITY DOES NOT BAR CLAIMS AGAINST TERRELL

Consistent with its misstatement of the capacity in which Terrell is sued, defendants insist that sovereign immunity bars state claims asserted against Terrell.  However, as noted above, Terrell is sued individually, and not in his official capacity.  Hence, sovereign immunity does not bar the action against him.

In a similar vein, defendants assert that state court claims can only be brought against NEIU in the Illinois Court of Claims.[1]  However, NEIU is sued in only two counts of the complaint:  Count I for injunctive relief only for free speech retaliation, and Count IV for injunctive relief for free speech retaliation under the Illinois Constitution.  As a plain reading of the complaint indicates, no claim for damages is made against NEIU in either Counts I or IV.  Accordingly, this Court properly has jurisdiction over NEIU for both the federal and state claims for injunctive relief against NEIU.

### IV.  PLAINTIFF HAS PROPERLY ALLEGED AN EXISTING CASE OR CONTROVERSY

Defendants assert that Capeheart is not entitled to injunctive relief because there is no reasonable likelihood of harm recurring to her in the future.  Defendants assert that Capeheart only pleads "past wrongs" which do not suggest that future violations are likely to occur.

Defendants have engaged in a cramped reading of Capeheart's complaint.  She has alleged that, since at least March, 2007, she has been the subject of the following retaliatory acts:

    a.    falsely alleged by Terrell to be the subject of interest for the police on the basis of stalking charges filed against her;

    b.    NEIU's refusal to appoint her as department chair, despite being elected to that post by her department members;

---

[1] Defendants mis-cite the statute that is the Court of Claims Act in Illinois.  The statute is 705 ILCS 505/8, not "708 ILCS 505/8."

  c. placing the department "in receivership" in order to obtain a chair from outside the department and thwart Capeheart's appointment as chair;

  d. NEIU's refusal to appoint her to head the search committee for an outside chair, despite the department's recommendation for Capeheart to lead that search;

  e. the administration's refusal to appoint Capeheart as department coordinator, despite departmental and faculty senate support for such appointment; and

  f. denial of faculty excellence award, despite her qualification for same.

These allegations demonstrate, not only has Capeheart suffered injury, but that her injury is ongoing. For example, Capeheart's department remains "in receivership" and she continues to be denied, not only the chairship, but appointment as department coordinator. Under these facts, an injunction may properly lie. Indeed, even in cases where defendants have ceased their wrongful conduct, courts will issue injunctions to prevent the wrongful action recurring. In this regard, *see* <u>BMG Music v. Gonzalez</u>, 430 F.3d 888, 893 (7th Cir. 2005):

> As for the injunction: [defendant] contends that this should be vacated because she has learned her lesson, has dropped her broadband access to the Internet, and is unlikely to download copyrighted material again. A private party's discontinuation of unlawful conduct does not make the dispute moot, however. An injunction remains appropriate to ensure that the misconduct does not recur as soon as the case ends.

In so holding, the Seventh Circuit cited <u>U.S. v. W.T. Grant Co.</u>, 345 U.S. 629 (1953) which held that a court's power "to grant injunctive relief survives discontinuance of the illegal conduct." The court further noted that the purpose of an injunction "is to prevent future violations and, of course, it can be utilized without a showing of past wrongs." The legal requirement for an injunction is that there exists "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." (*Id.*).

At this stage of the proceeding, it is plain that more than the mere possibility of ongoing violations has been alleged. Because there is a very real threat of continued and future retaliation, there is no basis for dismissing the counts seeking injunctive relief.

## V. ANY ENTITLEMENT OF TERRELL TO IMMUNITY CANNOT BE DETERMINED ON A MOTION TO DISMISS

Terrell asserts that he is accorded "absolute immunity" from the defamation counts under <u>Blair v. Walker</u>, 349 N.E.2d 385 (1976). Defendants claim that, because Terrell's defamatory statements were made in the course of his official duties and related to matters committed to his responsibility, absolute immunity applies.

However, determination of any available privileges to Terrell is a fact intensive inquiry. In <u>Colaizzi v. Walker</u>, 542 F.2d 969 (7th Cir. 1976), decided after the Illinois Supreme Court decision in <u>Blair</u>, the Seventh Circuit reviewed the dismissal of libel claims against then-Governor Dan Walker, his director of the Office Special Investigations ("OSI"), and an employee OSI, arising out of internal communications, a press release and news conference. Under the authority of <u>Blair</u>, the Seventh Circuit affirmed the dismissal of the claims against the Governor on the basis that his immunity was absolute for internal communications, as well as press statements. However, as to the public statements made by the director of the OSI, the court determined that those public statements may have exceeded his official duties and that he may not have been so high an executive officer as to cloth him with absolute immunity:

> It does not clearly appear as a matter of law that he [director] was so high an executive officer of the state or that public announcement by him, in addition to informing the Governor of his findings, was so clearly a matter of his official duty, that the doctrine of <u>Blair</u> would support absolute immunity.

Accordingly, the court reversed the dismissal of the claim against the director and remanded the case for further fact finding. (542 F.2d at 974)[2]

The same result should obtain here. Not only have defendants failed to cite any case in which a college vice president of student affairs has been held to be entitled to absolute immunity, they cannot show, on a motion to dismiss, whether Terrell's personal attack on Capeheart, including his statement that a student had filed stalking charges against her and that she was a subject of interest for the police, was a matter of his "official duty," *i.e.* an activity that was essential to facilitating his core functions, or unrelated to his prescribed role.

The Illinois Supreme Court looks to the Restatement (Second) of Agency §228 to determine whether conduct of an employee is within the scope of his employment. Conduct is within the scope of employment if: (1) it is of the kind the employee is employed to perform; (2) it occurs substantially within authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master. Pyne v. Witmer, 129 Ill.2d 351 (1989); *see also* Duffy v. United States, 966 F.2d 307, 314 (7th Cir. 1992). "Conversely, it is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Duffy, 966 F.2d at 314.

Plainly, making false allegations that Capeheart was the subject of "stalking" charges is "different in kind" from Terrell's authorized duties and is "too little actuated" by any purpose of serving NEIU. At the very least, there is a fact question presented by plaintiff's allegations that precludes dismissal at this stage of the proceedings.

Accordingly, the motion to dismiss the defamation claims against Terrell should be denied.

---

[2] In a later decision, the Seventh Circuit granted Governor Walker only "qualified immunity" for plaintiff's claim of due process violation. Colaizzi v. Walker, 812 F.2d 304 (7th Cir. 1987)

## VI.   CAPEHEART HAS STATED A SUFFICIENT RETALIATION CLAIM AGAINST TERRELL

Terrell asserts that Capeheart's state law claim for retaliation against him must be dismissed for failure to state a claim. Terrell contends that Count IV is "unclear" as to the role that he played in NEIU's rejection of Capeheart's election as chair of the department, denying her a faculty excellence award, and failing to appoint her as a department coordinator.[3]

Terrell's assertions border on the frivolous. Terrell is alleged, along with NEIU, to have retaliated for Capeheart's free speech exercise through the actions noted above, as well as by defaming her as stated in the allegations incorporated into Count IV. Terrell contends that the allegations are unclear. However, to the extent that there is such "unclarity," it is the function of discovery to clarify such matters. Plainly, Terrell is aware of the specific allegations made against him, as is NEIU. Terrell is free to deny those allegations or to assert that others took the actions or were not influenced by him in taking such actions. However, as indicted, these are all matters for discovery and trial, not a basis for dismissing the complaint. *See* this Court's ruling in Liberty Mut. Ins. Co. v. Construction Management Services, Inc., 2004 WL 2271811 (N.D. Ill. 2004) (although "unclear what the School District knew or did not know before it paid [defendant], such factual matters need not be resolved [on motion to dismiss]," citing Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) ("notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims"); *accord*, Windy City Innovations, LLC v. America On-Line,

---

[3] It is noteworthy that defendants do not challenge the propriety of a retaliation claim under the Illinois Constitution. It is, of course, the rule that a state constitution can guarantee more expansive rights than the federal constitution. Pruneyard Shopping Center v. Robins, 447 U.S. 74 (1980). The Illinois Constitution, Article 1, §4 guarantees that "all persons may speak, write and publish freely, being responsible for the abuse of that liberty." This constitutional guarantee is not limited expressly to politics or even matters of public concern. Fransworth v. Tribune Co., 43 Ill.2d 286, 290-291 (1969); McErlean v. Harvey Area Community Organization, 9 Ill.App.3d 527, 530 (1st Dist 1973).

Inc., 227 FRD 278, 282 (N.D. Ill. 2005) (allegation that defendant is responsible for certain infringement "directly, contributory, by inducement, or otherwise," is "not too indecisive or unclear to satisfy notice pleading standard.")[4]

## VII.   SUPPLEMENTAL JURISDICTION IS APPROPRIATE

As indicated, the federal claim asserted in this case is appropriate. Accordingly, there is no basis for dismissing the state claims in this action as they are appropriately joined. They are properly before this Court pursuant to 28 U.S.C. §1367(a).

## VIII.  CONCLUSION

**WHEREFORE,** for all of the above and foregoing reasons, plaintiff Loretta Capeheart respectfully requests that defendants' motion to dismiss be denied.

LORETTA CAPEHEART

Dated: June 12, 2008                              By: /s/ Thomas D. Rosenwein
                                                        One of Her Attorneys

Thomas D. Rosenwein (#02391597)
Don E. Glickman (#00972525)
James A. Flesch (#03127112)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL  60603
(312) 346-1080

---

[4] Even if the allegations of Count IV are so unclear as to prevent Terrell from framing an answer, which they are not, the remedy would not be dismissal but rather a motion for a more definite statement. American Nurses' Association v. State of Illinois, 783 F.2d 716, 725 (7th Cir. 1986); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss to be served by e-mail pursuant to the provisions of Fed.R.Civ.P. 5(b)(2)(D) on June 12, 2008:

Kathleen L. Ford, Esq.
Assistant Attorney General
General Law Bureau
103 West Randolph Street, 13th Floor
Chicago, Illinois 60601

      /s/ Thomas D. Rosenwein
      One of the Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LORETTA CAPEHEART,**<br><br>            Plaintiff,<br><br>      v.<br><br>**NORTHEASTERN ILLINOIS UNIVERSITY,** a public institution, and **MELVIN C. TERRELL,** Individually,<br><br>            Defendants. | No.  08 C 1423<br><br>The Honorable Blanche M. Manning<br><br>Magistrate Judge Sidney I. Schenkier |

## NOTICE OF FILING

TO:    Kathleen L. Ford, Esq.
       Assistant Attorney General
       General Law Bureau
       103 West Randolph Street, 13th Floor
       Chicago, Illinois 60601

**PLEASE TAKE NOTICE** that on June 12, 2008, the undersigned filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss a copy of which is herewith served upon you.

                                             **LORETTA CAPEHEART**


                                             By:  /s/Thomas D. Rosenwein
                                                    One of Her Attorneys

Thomas D. Rosenwein (#02391597)
Don E. Glickman (#00972525)
James A. Flesch (#03127112)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL  60603
(312) 346-1080