IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORETTA CAPEHEART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 08 C 1423 |
| | ) | |
| NORTHEASTERN ILLINOIS | ) | The Honorable Blanche M. Manning |
| UNIVERSITY, a public institution, | ) | |
| and MELVIN C. TERRELL, | ) | Magistrate Judge Sidney I. Schenkier |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, NORTHEASTERN ILLINOIS UNIVERSITY ("NEIU"), and MELVIN C. TERRELL ("Terrell") (collectively, "Defendants"), by their attorney, LISA MADIGAN, Illinois Attorney General, submit the following Reply in support of their Motion to Dismiss:

**ARGUMENT**

**I.   Plaintiff's Claims Against NEIU are Barred by the Eleventh Amendment**

Plaintiff submits that her claims for injunctive against NEIU are not barred by the Eleventh Amendment because "official capacity suits against state officials that seek only injunctive relief are permitted by 42 U.S.C. § 1983…and are not forbidden by the Eleventh Amendment." *Power v. Summers,* 226 F.3d 815, 819 (7th Cir. 2000). *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Plaintiff's Response), pg. 2. Plaintiff also disparages Defendants for failing to cite to *Pickering v. Bd. of Education,* 319 U.S. 563 (1968), *Power v. Summers,* 226 F.3d 815, 819 (7th Cir.

2000), and *Verizon Maryland v. Public Service Commission of Maryland,* 535 U.S. 635, 645 (2002), in their Motion to Dismiss and submits that these cases demonstrate that Plaintiff may pursue injunctive relief against NEIU for retaliation. *See* Plaintiff's Response, pgs. 2-3.

Plaintiff is misguided. First, Plaintiff appears to be confusing the exception to Eleventh Amendment immunity as set forth in *Ex parte Young,* which allows suits for injunctive relief to be brought against state *officials* in their official capacities, with the Eleventh Amendment bar to claims against states and their respective agencies. Contrary to Plaintiff's assertions, *Ex parte Young* applies only when state officials are sued for prospective relief in their official capacities and does not permit suit against state or its agencies, even when the relief sought is prospective. *See Rittenhouse v. Bd. of Trustees,* 2008 WL 2229493 * 4 (S.D. Ill., May 28, 2008), *citing Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100-03. Consequently, the exception to Eleventh Amendment immunity as set forth in *Ex parte Young* does not apply to Plaintiff's claims against NEIU in Count I and Count IV, and Plaintiff is barred from obtaining injunctive relief against NEIU on Eleventh Amendment immunity grounds.[1]

Second, none of the cases cited by Plaintiff are applicable to the case at bar. Although Plaintiff cites *Pickering v. Bd. of Education,* 391 U.S. 563, in which the Court permitted an individual to sue an educational institution for retaliation, this case is not controlling here. In *Pickering,* the plaintiff sued the board of education of a local school

---

[1] In addition to her federal claim for retaliation in Count I, Plaintiff presents a state law claim for retaliation in Count IV. Plaintiff's state law claim against NEIU is also barred by the Eleventh Amendment. The Eleventh Amendment bars pendent state-law claims against a State, its agencies, or state officials in their official capacities. *See, e.g., Pennhurst*, 465 U.S. at 118, 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment" ); *See Benning v. Bd. of Regents*, 928 F.2d 775, 778-79 (7th Cir. 1991) (stating that "State rules of immunity govern actions in federal court alleging violations of state law").

district.  *Pickering,* 391 U.S. 563.  The Eleventh Amendment was not even at issue in *Pickering* because only the states themselves are entitled to Eleventh Amendment immunity-their political subdivisions, such as local school districts, are not.  *See, e.g., Mount Healthy School District v. Doyle*, 429 U.S. 274 (1977); *Lincoln County v. Luning*, 133 U.S. 529 (1890).  *Pickering* is therefore inapplicable to this case since NEIU, a state agency, is absolutely entitled to Eleventh Amendment immunity.

*Power v. Summers* and *Verizon Maryland* are also inapplicable here.  In *Power,* professors at Vincennes University did not sue the university itself, as Plaintiff did here, but rather its president, trustees, and other officials for retaliation.  *Power*, 226 F.3d at 817.  In *Verizon Maryland,* the plaintiff sued the Public Service Commission of Maryland and its individual members in their official capacities.  *Verizon Maryland,* 535 U.S. 635.  The Court held that whether the Commission had waived its Eleventh Amendment immunity was an issue it did not need to decide since the plaintiff's claims for injunctive relief could proceed against the individual commissions in their official capacities.  *Id.* at 645.  *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) (a suit brought against a state official in his official capacity is no different from a suit brought against the state itself).  Here, the only individual whom Plaintiff has sued is Terrell in his individual capacity.  *See* Plaintiff's Response, pg. 3.  Therefore, the cases cited by Plaintiff are irrelevant to the instant case.

Plaintiff further asserts that any existing pleading defect may be cured by "adding the phrase 'the board of trustees of NEIU' as the identification of the institutional party" and requests leave to amend the complaint to the extent that such an amendment is necessary.  *See* Plaintiff's Response, pg. 3.  Simply changing the caption of the case to

3

name NEIU's board of trustees in lieu of NEIU will not, however, cure Plaintiff's Eleventh Amendment immunity problem.  *See Kroll v. Bd. of Trustees of Univ. of Ill.,* 934 F.2d 904 (7th Cir.1991) (state university board of trustees immune from suit under § 1983 pursuant to Eleventh Amendment)*; Wellman v. Trustees of Purdue Univ.,* 581 F.Supp. 1228, n. 1 (N.D. Ind. 1984) ("[f]or purposes of Eleventh Amendment immunity, no distinction can, should, or will be drawn between Purdue University and its Board of Trustees").  Therefore, because this Court lacks jurisdiction over both NEIU and its Board of Trustees, allowing Plaintiff to amend her complaint to add "the board of trustees of NEIU" would be futile.

Finally, neither NEIU nor its Board of Trustees are "persons" within the meaning of 42 U.S.C. § 1983.  As such, they cannot be sued.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Collier v. Illinois Dept. of Human Rights*, 221 F.3d 1338 (7th Cir. 2000); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999).  Therefore, Plaintiff's claims against NEIU must be dismissed with prejudice.

**II.     Plaintiff is Not Entitled to Injunctive Relief**

    **A.  Plaintiff has not established an existing case or controversy with regard to her federal claim against NEIU.**

When seeking injunctive or declaratory relief, a plaintiff must establish that he is in "*immediate danger* of sustaining some direct injury."  *Feit v. Ward,* 886 F.2d 848, 857 (7th Cir. 1989)(emphasis added).   Past exposure to illegal conduct is not enough…there must be a continuing harm or reasonable likelihood of such harm reoccurring in the future.  *See e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983).  A plaintiff must demonstrate an ongoing injury or a threat of future injury.  Absent such a showing,

4

plaintiff cannot satisfy the "case or controversy" requirement of Article III. *Golden v. Zwickler,* 394 U.S. 103, 109 (1969).

With regard to her claims against NEIU, Plaintiff claims that the following allegations demonstrate that her alleged injury is "ongoing" such that she is entitled to injunctive relief:

> a) NEIU refused to appoint her as department chair, despite being elected to that post by her department members[2];
>
> b) the NEIU administration placed her department "in receivership" in order to obtain a chair from outside the department and thwart her appointment as chair;
>
> c) NEIU refused to appoint her to head of the search committee;
>
> d) the NEIU administration refused to appoint Plaintiff as department coordinator;
>
> e) Plaintiff was denied a faculty excellence award despite departmental and faculty senate support for such appointment.[3]

*See* Plaintiff's Response, pg. 4-5. Try as she might, the allegations which Plaintiff submits as evidence of an ongoing injury are simply nothing more than allegations of past harm. Even if Plaintiff could establish an ongoing injury (which she has not), Plaintiff cannot obtain any relief against NEIU because, as discussed *supra,* her claims against NEIU are absolutely barred by the Eleventh Amendment. Because this court lacks jurisdiction over NEIU, Plaintiff's claims for injunctive relief must be dismissed.

---

[2] In Plaintiff's Complaint, Plaintifff alleges that the Provost refused to appoint her as chair. Complaint § 19. The Provost is not a defendant in this action.

[3] Neither Plaintiff's Complaint nor Plaintiff's Response alleges who is responsible for denying Plaintiff a faculty excellence award.

**B.  Plaintiff cannot obtain injunctive relief against Terrell under Illinois law.**

Plaintiff's request for a preliminary and permanent injunction against Terrell regarding her state law retaliation claim is equally fruitless.  As a general rule, a preliminary injunction will only be granted where a plaintiff shows (1) that she has a clearly ascertainable right that needs protection, (2) that she will suffer irreparable harm without the protection, (3) that she has no adequate remedy at law, and (4) that she is likely to succeed on the merits.  *Hartlein v. Illinois Power Co.*, 151 Ill.2d 142, 156, 176 Ill.Dec. 22, 601 N.E.2d 720.  In order to be entitled to a permanent injunction, a plaintiff must establish that she has no adequate remedy at law, that she possesses a certain and clearly ascertainable right, and that she will suffer irreparable harm if no relief is granted.  *Lucas v. Peters*, 318 Ill.App.3d 1, 15-16, 251 Ill.Dec. 719, 741 N.E.2d 313 (2000).

Plaintiff has not alleged, let alone established, any of the requirements for either a preliminary or permanent injunction against Terrell.  Moreover, like her claims against NEIU, Plaintiff has alleged nothing more than a past wrong against Terrell; namely, that he allegedly made false statements at a faculty meeting.  "Injunctive relief, by its nature, addresses only what could happen in the future and cannot remedy misconduct… that occurred in the past."  *Liebert Corp. v. Mazur,* 357 Ill. App. 3d, 265, 284, 293 Ill. Dec. 28, 827 N.E.2d 909, 927 (1st Dist. 2005).  For this reason, a plaintiff seeking a preliminary injunction must show the danger of irreparable harm and the absence of an adequate remedy at law. *Id.*  Here, Plaintiff has not provided *any* evidence to show a sufficient likelihood that she will be wronged by Terrell in a similar way in the future; thus, she cannot establish that she will be irreparably injured if her request for injunctive

relief against Terrell is denied.  Therefore, Plaintiff's claims for injunctive relief against Terrell must also be dismissed.

### III.     Terrell is Entitled to Absolute Immunity On Plaintiff's Defamation Claim

Plaintiff claims that whether Terrell is entitled to any absolute immunity privileges is a fact intensive inquiry that cannot be resolved on a motion to dismiss.  *See* Plaintiff's Response, pg. 6.  While it is true that affirmative defenses, such as absolute immunity, are generally not issues subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense."  *U.S. Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003).  In fact, a court of this district has dismissed a plaintiff's defamation claim on absolute immunity grounds under such circumstances.  *See Okun v. Illinois State Toll Highway Authority,* 2007 WL 11192629 (N.D. Ill., April 12, 2007) (J. Marovich).

In *Okun*, plaintiff sued the Illinois State Toll Highway Authority's spokesperson, Joelle McGinnis, for making false statements against him to reporters for the Chicago Tribune.  *Id.* * 4.  The court held that by alleging that McGinnis was the Tollway's "designated spokesperson," when she made the defamatory statements, plaintiff had pled himself out of court.  *Id.*   The court noted that it could not conceive of any set of facts that the plaintiff could prove that would be consistent with the allegation that McGinnis was acting as the agency's spokesperson and a conclusion that speaking with the press about the incident at issue was not within the scope of her duties.  *Id.*  The court noted that under Illinois law, a governmental official is "protected by an absolute privilege when issuing statements which are legitimately related to matters committed to his responsibility."  *Id., citing Blair v. Walker,* 64 Ill.2d 1, 10, 349 N.E.2d 385 (1976).

7

In analyzing Plaintiff's factual allegations, it is clear that, like the plaintiff in *Okun,* Plaintiff has pled herself out of court. Plaintiff alleges that Terrell is the Vice President of Student Affairs at NEIU, that various offices of the University report to Terrell, including the public safety department, and that Terrell has supervisory responsibility for the campus police. Complaint, §§ 7, 13. Plaintiff also alleges that Terrell made the allegedly false statements at a faculty meeting of the NEIU Faculty Council for Student Affairs. Complaint, § 14. Plaintiff further alleges that Terrell's statements were made in response to several questions that she asked Terrell, *specifically because of his supervisory responsibility for the campus police,* relating to the arrest of the two students at the CIA event, an event which Plaintiff admits became the subject of campus and community interest. Plaintiff's Complaint, § 13. Plaintiff further admits that she voiced criticism at this meeting regarding the use of campus police to arrest students. Complaint, § 13.

By alleging that Terrell was acting as the Vice President of Student Affairs when he made the allegedly false statements at a meeting of the Faculty Council on Student Affairs regarding matters involving the campus police, a department over which Terrell had supervisory control, Plaintiff has pled herself out of court. Clearly, Terrell's statements that a student had filed "stalking" charges against Plaintiff with the campus police and that Plaintiff was a subject of interest to the campus police were legitimately related to matters committed to his responsibility. Like *Okun,* given Plaintiff's various factual assertions, there are no conceivable set of facts that the Plaintiff could prove that would be consistent with Plaintiff's allegations that 1) Terrell was speaking as the Vice President of Student Affairs and as supervisor of the campus police about the campus

8

police at a faculty meeting of the Faculty Council for Student Affairs, and 2) a conclusion that Terrell's statements involving the campus police, made in response to questions and statements posed by Plaintiff to Terrell about the campus police, were not within the scope of his duties. As such, Terrell is entitled to absolute immunity for Plaintiff's defamation claims and Plaintiff's claims against him must be dismissed with prejudice.

**IV.     Plaintiff's State Law Claims Against Terrell are Barred by the Doctrine of State Sovereign Immunity**

Plaintiff's Complaint does not contain any federal claims against Terrell, only state law claims for defamation and retaliation. Complaint, pg. 6-9. As stated in the Defendants' Motion to Dismiss, these claims are barred by the doctrine of State sovereign immunity. In her Response, Plaintiff submits that because she has sued Terrell individually, and not in his official capacity, sovereign immunity does not bar these claims against him. *See* Plaintiff's Response, pg. 4. Plaintiff is mistaken. Sovereign immunity cannot be evaded by simply naming a state employee as an individual. *See, e.g., Sass v. Kramer,* 72 Ill.2d 485, 491, 21 Ill. Dec. 528, 381 N.E.2d 975 (1978). Whether an action is a suit against the state or merely an action against an employee for his own individual acts of negligence depends upon the issues involved and the relief sought, rather than the formal designation of the parties. *Currie v. Lao*, 148 Ill.2d 151, 170 Ill.Dec. 297, 592 N.E.2d 977 (1992); *Healy v. Vaupel*, 133 Ill.2d 295, 140 Ill.Dec. 368, 549 N.E.2d 1240 (1990). A suit against a state employee in his individual capacity is a claim against the state when the judgment for the plaintiff could control the state's actions or subject it to liability. *Johnson v. Halloran*, 312 Ill.App.3d 695, 698, 245 Ill. Dec. 408, 728 N.E.2d 490 (1st Dist. 2000). "As a practical matter, the state acts only through its employees. Therefore, a judgment against an employee in his or her

9

individual capacity could effectively coerce the state and frustrate the purpose of sovereign immunity…." *Jackson v. Alverez*, 358 Ill.App.3d 555, 559, 294 Ill. Dec. 834, 831 N.E.2d 555 (4th Dist. 2005).

In the instant case, Plaintiff alleges that Terrell was acting as the Vice President of Student Affairs and as the supervisor of the campus police when he made the allegedly defamatory statements at a faculty meeting. As such, although masked as individual capacity claims, Plaintiff's claims against Terrell are really for statements he made while he was acting in the capacity of a state official, and are thus essentially claims against the State of Illinois. Further, because Plaintiff seeks injunctive relief and damages against Terrell, a judgment in Plaintiff's favor could control the state's actions and subject it to liability. Therefore Plaintiff's state law claims against Terrell are barred by the doctrine of state sovereign immunity.

## V.   This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Pursuant to 28 U.S.C. § 1367(a).

In Plaintiff's Response, Plaintiff asserts that there is no basis for dismissing the state law claims in this action as they are appropriately joined to Plaintiff's federal claim for retaliation, which Plaintiff also asserts is proper. *See* Plaintiff's Response, pg. 9. As discussed in Section I of this brief, however, Plaintiff does not have a viable federal claim for retaliation against NEIU because it is barred by the Eleventh Amendment. Therefore, if the Court dismisses Plaintiff's single federal claim for retaliation, then the only remaining claims would be Plaintiff's state law claims against Terrell for defamation and retaliation. When a state law claim is appended to a federal claim that confers original jurisdiction on the federal courts, "the sensible presumption [is] that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law

10

claims." *Williams Elec. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (internal citations omitted). *See also Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir.2007) ( "A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice." ). Therefore, should the Court dismiss Plaintiff's only federal claim against NEIU, the Defendants respectfully request that this Court decline to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims against Terrell, thereby dismissing this matter in its entirety.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, NORTHEASTERN ILLINOIS UNIVERSITY and MELVIN C. TERRELL, respectfully request that this Honorable Court grant their motion and dismiss Plaintiff's claims against them in their entirety.

July 3, 2008

| | |
|---|---|
| LISA MADIGAN<br>Illinois Attorney General | Respectfully submitted,<br><br>/s/ Kathleen L. Ford<br>KATHLEEN L. FORD<br>Assistant Attorney General<br>General Law Bureau<br>103 W. Randolph St., 13th Fl.<br>Chicago, IL 60601<br>(312) 814-5160<br>kford@atg.state.il.us |

## CERTIFICATE OF SERVICE

      I hereby certify that on July 3, 2008, I electronically filed the above document, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                              /s/ Kathleen L. Ford