# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORETTA CAPEHEART, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 1423 |
| ) | Judge Blanche M. Manning |
| NORTHEASTERN ILLINOIS ) | |
| UNIVERSITY, and MELVIN C. ) | |
| TERRELL, individually, ) | |
|       Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Loretta Capeheart is a tenured professor at Northeastern Illinois University, and is faculty advisor to a group of student activists. After she spoke out against the arrest of some of the activists who protested campus recruiting by the CIA, she contends that she was denied a promotion and that a university vice-president intimated that she is a stalker. She sued under both federal and state law for damages, and seeks an injunction to stop additional alleged violations of her rights to free speech. The defendants have filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1), (b)(6). For the following reasons, the motion is granted.

## BACKGROUND

The following facts are drawn from Capeheart's complaint and are accepted as true for purposes of resolving the motion to dismiss. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Capeheart has been employed by Northeastern since September 2002 and was awarded tenure in April 2006. She is the faculty advisor to a student club that distributes leaflets opposing efforts by the military and the CIA to recruit students at campus job fairs. In late February 2007, campus police arrested two members of this student club for attempting to attend a recruitment

meeting that the university hosted and at which the CIA appeared. Capeheart did not attend the event, and the protest was not an activity organized by the student club.

On March 17, 2007, Capeheart attended a regularly-scheduled meeting of the Northeastern Faculty Council for Student Affairs. Capeheart had been upset about the arrest of students at the CIA event, and used the occasion of the council meeting to speak out. Capeheart directed some of her comments to student affairs vice-president Melvin Terrell, who oversaw campus police. Capeheart complained that the arrests by campus police were part of a pattern of harassment by the Northeastern administration against students who peacefully protested the Iraq war.

In response to Capeheart's comments, Terrell told those in attendance that the campus police were not to blame for the incident, but rather that Capeheart and the students she advised were solely responsible for the altercation. Terrell also accused Capeheart of being the target of a police investigation based upon a student's allegations that Capeheart was stalking the student. At the meeting, other administrators joined Terrell in blaming Capeheart for the actions of the arrested students despite her assertion that she was not involved.

In mid-July 2007, members of the Justice Studies Department faculty elected Capeheart to be their department chairperson. But the university Provost disregarded the faculty vote and refused to appoint Capeheart as the department chair, allegedly in retaliation for exercising her right to free speech by speaking up at the faculty council meeting. The chair position has been placed in receivership and Northeastern has instituted a search for an outside chair. Against the Justice Studies faculty's recommendations, the administration has refused to appoint Capeheart as the leader of the search committee or as department coordinator. Additionally, Capeheart

alleges that even though she was eligible for a faculty excellence award in 2007, Northeastern refused to honor her in retaliation for her exercise of her free speech rights.

In response to the failure to seat her as department chair, Capeheart filed the instant suit against Northeastern and Terrell. In her complaint, she alleges a single federal claim, Count I, in which she seeks to enjoin Northeastern from continuing to violate her First Amendment rights to free speech, from retaliating against her for exercising those rights, and from refusing to appoint her chairperson of the Justice Studies Department. The remainder of her complaint alleges state law claims. Specifically, in Counts II and III, she alleges that Melvin Terrell defamed her. In Count IV, she alleges a claim under the Illinois constitution that Northeastern and Terrell retaliated against her for exercising her right to free speech.

Before the court is a motion to dismiss filed by both the University and Terrell. In the motion, Northeastern argues that all of the claims against it must be dismissed because, under the Eleventh Amendment, state agencies may not be sued in federal court. Alternatively, Northeastern argues that Count I, in which Capeheart seeks an injunction to prevent further violations of her First Amendment rights as well as an order that she be seated as department chair, must be dismissed because Capeheart has failed to allege an "immediate danger" of injury or a "clear right" to the position of department chair. For his part, Terrell argues that the defamation claims in Counts II and III must be dismissed because the statements at issue were made within the course of his official duties and he is therefore entitled to absolute immunity. Finally, Terrell argues that the retaliation claim against him in Count IV under the Illinois constitution must be dismissed because, according to complaint, the decision not to seat her as department chair was made by others, not him.

## ANALYSIS

The defendants have moved for dismissal under both Federal Rule of Civil Procedure 12(b)(1) based upon lack of subject-matter jurisdiction under the Eleventh Amendment, as well as Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

On a motion to dismiss under Rule 12(b)(6), the court accepts the allegations in the complaint or counterclaim as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby*, 205 F.3d at 326. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (2007) (citations omitted).

The Seventh Circuit has interpreted *Bell Atlantic* as follows:

> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14.

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). *See also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007) (observing that

under *Bell Atlantic* a complaint must now contain "enough facts to state a claim for relief that is plausible on its face.").

The standard applicable to a motion to dismiss under Rule 12(b)(1) is virtually identical, except that the court may look outside the pleadings to determine whether it has jurisdiction over the subject of the plaintiff's claims. *See Gilbert v. Ill. State Bd. of Educ.*, No. 05 CV 4699, 2008 WL 4390150, at *3 (N.D. Ill. Sept. 24, 2008). With the proper standards in mind, the court turns to the parties' argument in favor of dismissal.

**I.  Eleventh Amendment**

Under the Eleventh Amendment to the United States Constitution, states are immune from being sued in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). The amendment states that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend XI. Although the amendment does not explicitly grant immunity to a state in cases brought by that state's own citizens, it has been repeatedly interpreted by the Supreme Court that such suits be barred. *Pennhurst*, 465 U.S. at 98 (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Wellman v. Trustees of Purdue Univ.*, 581 F. Supp. 1228, 1229 (N.D. Ind. 1984). Immunity also extends to agencies of the state, such as state colleges and universities. *See Kroll*, 934 F.2d at 908 (citing *Cannon v. Univ. of Health Sciences/Chicago Medical School*, 710 F.2d 351 (7th Cir. 1983)). The court notes that Capeheart has not disputed that Northeastern is a state agency for purposes of the Eleventh Amendment.

Although the Eleventh Amendment bars suits in federal courts against states and state agencies generally, there are two exceptions. First, a state may waive its immunity by consenting to suit in federal court. *See Pennhurst*, 465 U.S. at 907. Second, Congress may eliminate Eleventh Amendment immunity by creating explicit statutory provisions allowing federal jurisdiction for suits against states. *Id.*

However, Capeheart has not argued that either of these exceptions applies. Instead, she proposes a third exception for suits against "an education institution for retaliation for exercising First Amendment rights." In support, she cites a number of cases including *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968) and *Power v. Summers*, 226 F.3d 815 (7th Cir. 2000). However, the courts in the cases cited did not create an exception for First Amendment claims against state educational institutions. Rather, those cases merely applied the long-standing proposition that suits to enjoin individuals in their official capacity are not barred by the Eleventh Amendment, *see Power*, 226 F.3d at 819, or did not involve the Eleventh Amendment at all because Eleventh Amendment immunity extends only to states and state agencies, and not to political subdivisions such as the defendant county school board in *Pickering*, *see Mt. Healthy School Dist. v. Doyle*, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity does not extend to political subdivisions of a state such as a county school board).

In the event that the Eleventh Amendment bars Capeheart's claims against Northeastern, Capeheart seeks leave to amend her complaint to change the defendant from the university itself to the university's board of trustees. But the amendment would be futile: Northeastern's board of trustees is also immune under the Eleventh Amendment. *See Kroll v. Bd. of Trustees of Univ.*

*of Ill.*, 934 F.2d 904, 908-09 (7th Cir. 1991) (a university's board of trustees is immune under the Eleventh Amendment same as the university itself). As a consequence, leave will not be granted.

Because Northeastern is a state agency immune under the Eleventh Amendment, and because no exception to immunity applies, the court lacks subject-matter jurisdiction over the claims against it and those claims (in Counts I and IV) are dismissed. The dismissal is without prejudice to Capeheart re-filing those claims in state court. Given that the court lacks subject-matter jurisdiction over the claims against Northeastern, it will not address the remaining arguments in favor of dismissal and expresses no opinion about whether the claims were adequately pled.

## II. State Law Claims

The remaining claims in Counts II, III and IV are state law claims against Terrell. Because the court has dismissed the only federal claim brought by Capeheart, it declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed as well. The dismissal is without prejudice to Capeheart also re-filing those claims in state court, and the court expresses no opinion about whether those state law claims were adequately pled.

## CONCLUSION

The court lacks subject-matter jurisdiction under the Eleventh Amendment over Capeheart's claims against Northeastern, and those claims are dismissed without prejudice. Because the court has dismissed the only federal claim in the case, the court will not exercise supplemental jurisdiction to consider the remaining state law claims against Terrell, and those claims are dismissed as well. *See* 28 U.S.C. § 1367(c)(3). The dismissal of all of Capeheart's

claims is without prejudice to Capeheart refiling her claims in state court. The court expresses no opinion about the adequacy of Capeheart's allegations or the merits of her claim.

As all claims have been dismissed, the clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.


ENTER:

DATE: October 21, 2008

_Blanche M. Manning_
Blanche M. Manning
United States District Judge