# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 1423 | **DATE** | May 12, 2011 |
| **CASE TITLE** | *Loretta Capeheart v. Sharon Hahs* | | |

**DOCKET ENTRY TEXT**

The defendants' bill of costs is granted in part and denied in part as follows: costs are awarded in the amount of $3,933.56.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

After prevailing on summary judgment, the defendants timely filed a bill of costs seeking costs totaling $4,683.19. Plaintiff Loretta Capeheart filed written objections, and contends that the defendants are entitled to no more than $2,043.29 in costs. The court directed the parties to confer in an effort to resolve their differences. Although the parties have not reached an agreement, as a result of the parties' discussions the defendants have reduced the amount of costs they seek to a total of $4,338.31, consisting of $3,853.80 for transcripts and $484.51 in copying costs.

"[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs that are allowed are identified in 28 U.S.C. § 1920, and include costs such as fees of the clerk and marshal, fees for transcripts and copies, and fees for witnesses. *See* 28 U.S.C. § 1920. The prevailing party is presumed to be entitled to costs and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

The court now addresses Capeheart's remaining objections to the defendants' revised costs calculations.

First, Capeheart objects to the rate the defendants used to calculate the costs for transcripts. The defendants used the $3.65 per page rate set by the Judicial Conference of the United States for original transcripts. *See* Local Rule 54.1 (" the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States"). Capeheart contends that the defendants are entitled to recover no more than $0.90 per page, the Judicial Conference rate for a copy of the transcript. Although most of the transcript costs the defendants seek are for copies rather than original transcripts, under Local Rule 54.1 the defendants are nevertheless entitled to recover up to $3.65 per page, even for copies. *See Fletcher v. Chicago Rail Link, LLC*, No. 06 CV 842, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007) ("Some of the transcripts were 'copies'—that is, not the original or first copy of the deposition transcript—for which the Judicial Conference has established a separate, lower rate. However, Local Rule 54.1 allows for recovery of the full charge, so long as it does not exceed the highest maximum rate as established by the Judicial Conference."). Accordingly, Capeheart's objection to the defendants' use of the $3.65 per page rate

## STATEMENT

is overruled.

Next, Capeheart objects to the defendants' request for the appearance fee charged by court reporter who took her deposition, charged on top of the cost for a copy of the deposition transcript. Appearance fees can be recovered only to the extent that, when added to the per page rate, the total cost does not exceed the $3.65 per page maximum. *See Fletcher*, 2007 WL 4557816, at *1. Because the defendants are already recovering the maximum per page rate for Capeheart's deposition transcript, they are not entitled to also recover the appearance fee. Capeheart's objection is sustained, and the defendants' bill of costs shall be reduced by $404.

Next, Capeheart objects to the cost of transcribing a union grievance hearing. Capeheart contends that the defendants are limited to recovering the costs of transcripts of depositions, not hearings. However, 28 U.S.C. § 1920(2) allows for the recovery of "for printed or electronically recorded transcripts necessarily obtained for use in the case," and contains no restriction that the transcript be of a deposition. Capeheart does not dispute that the transcript was necessarily obtained for use in this case and, therefore, her objection is overruled.

Finally, Capeheart makes two objections to the $484.51 in copying costs the defendants seek to recover. First, she objects to the costs for copying CDs and DVDs because no DVDs were presented as evidence to the court on summary judgment. However, both CDs and DVDs were submitted to the court as exhibits to the motion for summary judgment. *See* Appendix of Defendants Statement of Material Facts [162-1] at Tab G, Exhibit A (a CD of union grievance hearing): [164-1] at Tab H, Exhibit 7 (a DVD of news conference regarding Capeheart); [175-1] at Tab Q, Exhibit E (a DVD of an Illinois Legislative Latino Caucus Hearing). Therefore, her objection to the costs of CDs and DVDs is overruled.

Second, she objects to the $334.51 sought for paper copies as being excessive, arguing that the invoice submitted by the defendants is not sufficiently detailed to allow the court to determine that the costs are authorized under 28 U.S.C. § 1920(4), which allows recovery of the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." Capeheart contends that without more detail, the defendants should be allowed costs for 1,740 pages of paper copies, one-quarter of the 6,961 pages sought by the defendants.

The court is familiar with the number of pages of materials submitted by each side during briefing of the motion for summary judgment. It also notes that the actual costs of the copies defendants obtained ($823.68) greatly exceeds the amount of copying costs they now seek to recover ($334.51) and, therefore, the defendants have already factored into their calculations a 60% discount. In light of all that, the defendants have established that the $334.51 in copying costs they seek are reasonable and not excessive. Accordingly, Capeheart's objection to the copying costs as being excessive is overruled.

## CONCLUSION

Consistent with the court's resolution of Capeheart's objections to the defendants' revisions to their requests for costs, costs are awarded in the amount of $3,933.56, consisting of transcripts costs of $3,449.05 and copying costs of $484.51.