# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 1423 | **DATE** | June 14, 2011 |
| **CASE TITLE** | | *Capeheart v. Hahs* | |

**DOCKET ENTRY TEXT**

The defendants' motion for reconsideration [242-1] is granted and the court's order dated June 9, 2011, [239-1] is vacated. The plaintiff's motion for a stay without the requirements of a supersedeas bond [236–1] is denied. To obtain a stay, Capeheart must post the bond required under Rule 62(d).

■ [ For further details see text below.]

Docketing to mail notices.

00:00

---

## STATEMENT

On June 9, 2011, this court granted plaintiff Loretta Capeheart's motion for a stay pending appeal without the requirement of a supersedeas bond. Unfortunately, due to a calendaring error, the court issued the order before the deadline for the defendants' response brief. As a result, the court ruled without the benefit of the defendants' views. The court regrets its error.

The defendants have now timely filed their response in opposition to the motion for a stay without bond, as well as a motion for reconsideration of the order granting the motion for a stay without bond. The court grants the motion to reconsider and will consider Capeheart's motion for a stay without the posting of bond *de novo*.

After granting judgment in favor of the defendants on plaintiff Loretta Capeheart's federal claim, and declining to exercise supplemental jurisdiction over her state claims, the court awarded costs to the defendants in the amount of $3,933.26. Capeheart appealed, and now seeks to stay the award of costs without the requirement that she post a bond.

Under Rule 62(d) of the Federal Rules of Civil Procedure, a party may obtain an automatic stay of execution of a money judgment pending appeal by posting a supersedeas bond. *See, e.g., BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992). In its discretion, however, the district court may waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). In deciding whether a party must post a bond, the Seventh Circuit directs the court to consider five factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment if and after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the party's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the party is in such a precarious financial situation that the requirement to post a bond would prejudice its other creditors. *Id.*

## STATEMENT

Here, Capeheart has submitted an affidavit in which she identifies her annual income, the fact that she is a tenured professor who is not at risk of losing her job, and that the approximately $4,000 award is relatively small compared to her annual income. According to the affidavit, she has also contracted to work this summer during what is normally her summer vacation, and that her extra income earned this summer will be more than three times the award of costs. However, Capeheart's motion does not identify her expenses or assets. Thus, while her representations about her income are favorable, without also knowing her expenses and assets, the court cannot gauge the degree of confidence it has that funds will be available to pay the judgment.

In any event, in addition to Capeheart's financial position, the court must also take into account the other relevant factors set out in *Dillon*. If Capeheart were to fail to pay the judgment, the defendants would be forced to bear the additional cost and burden of initiating collection proceedings, further delaying their recovery. When balanced against the rather meager cost to Capeheart to obtain a supersedeas bond, which would be about about 1% of the judgment, or $50, the court cannot conclude that it would be a waste of money to require Capeheart to comply with the requirements of Rule 62(d), or that the expense of a bond would prejudice other creditors. *See Hardwick v. Sunbelt Rentals, Inc.*, No. 09-cv-1106, 2010 WL 3270053, *5 (N.D. Ill. Aug. 17, 2010) (supersedeas bond costs about 1% of the judgment appealed).

Accordingly, the court concludes that on balance, the factors set out in *Dillon* do not favor waiving the requirement under Rule 62(d) that Capeheart post a bond to obtain a stay. Therefore, her motion for a stay without the requirement of a bond is denied. To obtain a stay, Capeheart must post the bond required under Rule 62(d).

rs/cpb